IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTOR LOVEL MCDUFFY,

Plaintiff,

v.

OPINION AND ORDER

25-cv-458-wmc

MADISON POLICE DEPT.,
DANE COUNTY JAIL STAFF,
OFFICER MOLLY DIETZEL,
OFFICER LILLIE BROWN, and
OFFICER NEAL CROWDER,

Defendants.

---

Plaintiff Victor Lovel McDuffy, representing himself, filed this lawsuit alleging that defendants violated his Fourth Amendment rights by arresting him without probable cause and subjecting him to an unreasonable search. (Dkt. # 1, at 3.) Because McDuffy seeks to proceed without prepayment of the entire filing fee, the next step is for this court to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court accepts McDuffy's allegations as true and construes them generously, holding his pro se complaint to less stringent standards than one that a lawyer would draft. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiffs must still allege enough facts to show that they are plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Even under this lenient standard, the complaint must be dismissed for the reasons explained below.

OPINION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff raises federal claims against two groups of defendants. First, he alleges that he was falsely arrested by defendants Madison Police Department and three of its officers, Molly Dietzel, Lillie Brown, and Neal Crowder. To prevail on a false-arrest claim under § 1983, plaintiff must show that there was no probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id*. (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)). That determination depends on the elements of the underlying criminal offense. *Stokes v. Bd. of Educ.*, 599 F.3d 617, 622 (7th Cir. 2010).

According to the police reports attached to plaintiff's complaint, on February 2, 2023, he was arrested for disorderly conduct under Wis. Stat. § 947.01, which provides that it is a Class B misdemeanor to "engage[] in violent, abusive, indecent, profane,

boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance." However, rather than provide factual allegations supporting an inference that the police officers on the scene lacked probable cause, plaintiff simply alleges that he was falsely arrested. Such conclusory allegations are insufficient to show that plaintiff is entitled to relief on this claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Accordingly, plaintiff may not proceed on his false arrest claim.

Second, plaintiff claims that he was subjected to an unreasonable search by defendant Dane County Jail Staff. While a plaintiff may use the "John/Jane Doe" designation to refer to specific individuals whose names are unknown, a plaintiff runs afoul of Rule 8's pleading standards by merely asserting that a group of defendants violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Instead, a plaintiff must make plausible factual allegations against individuals. Here, plaintiff does not describe the Dane County Jail Staff, nor does he indicate how many individuals are in this group or identify particular misconduct by any specific person that allegedly violated his constitutional rights. Therefore, plaintiff may not proceed on claims against defendant Dane County Jail Staff.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint. To comply with Rule 8, plaintiff must provide notice to defendants of what they are accused of doing, where the alleged actions occurred, and the nature and extent of any damage or injury the actions caused. Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b)(g).

ORDER

IT IS ORDERED that:

1) Plaintiff Victor Lovel McDuffy is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **November 19, 2026,** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 19th day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge